MEMORANDUM **
In these consolidated petitions, Guadalupe Romano-Dimas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), and the BIA’s order denying her motions to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, Molina-Morales v. INS, 237 F.3d 1048, 1050 (9th Cir.2001), and for abuse of discretion the denial of motions to reconsider and reopen, Cano-Menda v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petitions for review.
Substantial evidence supports the IJ’s conclusion that, even if Romano-Di *848 mas testified credibly, she failed to establish her alleged persecutors threatened her on account of a protect ground. See Molino-Morales, 237 F.3d at 1051-52 (personal retribution is not persecution on account of a protected ground). Accordingly, Romano-Dimas’ asylum claim fails.
Because Romano-Dimas failed to establish asylum eligibility, it necessarily follows that she failed to meet her burden for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the Id’s denial of CAT relief because RomanoDimas failed to show it is more likely than not she will be tortured if returned to El Salvador. See Kumar v. Gonzales, 444 F.3d 1043, 1055-56 (9th Cir.2006).
We reject Romano-Dimas’ contention that the IJ violated her due process rights by refusing to permit her husband to testify. See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (proceeding must be “so fundamentally unfair” that petitioner is prevented from reasonably presenting her case).
The BIA did not abuse its discretion in denying Romano-Dimas’ motion to reconsider because she failed to identify any errors of fact or law in the BIA’s August 23, 2007 order denying her first motion to reopen. See 8 C.F.R § 1003.2(b)(1). In addition, the BIA did not abuse its discretion in denying Romano-Dimas’ second motion to reopen because the motion was untimely, see 8 C.F.R. § 1003.2(c), Romano-Dimas failed to establish changed country conditions in El Salvador that would warrant reopening, see 8 C.F.R. § 1003.2(c)(3)(ii), and Romano-Dimas failed to establish her prima facie eligibility for relief, see Ordonez v. INS, 345 F.3d 777, 785 (9th Cir.2003) (to establish a prima facie case, the evidence must reveal a reasonable likelihood that the statutory requirements for relief have been satisfied).
We lack jurisdiction to consider Romano Dimas’ ineffective assistance of counsel challenge because she did not petition for review of the BIA’s August 23, 2007 order denying her first motion to reopen based on ineffective assistance of counsel and changed country conditions. See 8 U.S.C. § 1252(b)(1); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir.2003).
PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.